**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAZ TRADING LLC., a/k/a Kevin Razzoli,[1]  :  :  : Plaintiff,  :  : v. :  : U.S. DEPT. OF AGRICULTURE, et al., :  : Defendants. : | Civil Action No. 12-0944 (JBS)  **MEMORANDUM OPINION** |

**APPEARANCES:**

Plaintiff pro se
Kevin Razzoli
F.C.I. Fairton,
Fairton, New Jersey  08320

**SIMANDLE**, Chief Judge

   Plaintiff Kevin Razzoli, a prisoner confined at the Federal Correctional Institution at Fairton, New Jersey, seeks to bring this civil action in forma pauperis asserting various civil racketeering claims.[2]  Plaintiff has neither prepaid the $350 filing fee for a civil action nor submitted an application for leave to proceed in forma pauperis.

---

   [1] In the Caption of the Complaint, Plaintiff identifies himself as "RAZ TRADING LLC".  In the first sentence of the Complaint, however, Plaintiff states, "I am Kevin Razzoli # 39945-066, illegal incarcerated ..."  Accordingly, the Clerk of the Court will be directed to amend the Docket to reflect that Plaintiff is also known as Kevin Razzoli.

   [2] The Complaint consists of one page, ends in the middle of a sentence, and is generally unintelligible.  The Complaint, as submitted, is dismissible as irrational and frivolous.  See Neitzke v. Williams, 490 U.S. 319 (1989).

Civil actions brought <u>in forma pauperis</u> are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain requirements for prisoners who are attempting to bring a civil action or file an appeal <u>in forma pauperis</u>.

Under the PLRA, if a prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action <u>in forma pauperis</u> unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, as noted above, Plaintiff failed either to prepay the filing fee or to submit a complete <u>in forma pauperis</u> application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified institutional account statement.  <u>See</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>, 42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79 Fed.Cl. 769 (2007).

In any event, however, Plaintiff cannot proceed <u>in forma pauperis</u> in this action.  Plaintiff has, while incarcerated, brought several civil actions that were dismissed as frivolous or for failure to state a claim.  <u>See</u>, <u>e.g.</u>, <u>Razzoli v. Case</u>, Civil No. 94-0181 (W.D. Pa.); <u>Razzoli v. Long</u>, Civil No. 05-1879

2

(S.D.N.Y.); Razzoli v. Long, Civil No. 05-1880 (S.D.N.Y.); Razzoli v. Executive Office of the President, Civil No. 08-0139 (D.D.C.); Razzoli v. Executive Office of U.S. Marshals, Civil No. 10-4269 (E.D.N.Y.). Nothing in the partial Complaint submitted suggests that Plaintiff is in imminent danger of serious physical injury. Accordingly, Plaintiff is barred by the three-strikes rule of § 1915(g) from proceeding in forma pauperis in this action.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee. Plaintiff will be granted leave to move to re-open within 30 days by pre-paying the $350 filing fee in full.[3]

An appropriate Order will be entered.

   **s/ Jerome B. Simandle**
Jerome B. Simandle
Chief Judge
United States District Court

Dated: **February 29, 2012**

---

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).